UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WALKER aka El Dey Bey Shabazz Ali,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIVERA, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-02015-EFB (PC)<br><br><br>ORDER |

　　　Plaintiff, a county jail inmate proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The court will grant the in forma pauperis application and screen the complaint. Plaintiff has also filed several motions, including two motions to appoint counsel, which the court addresses herein. ECF Nos. 5, 9, 23, 24 & 34.

<u>Leave to Proceed In Forma Pauperis</u>

　　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

Screening Order

The complaint names two defendants, both officials at the Justice Center Detention Facility (JCDF) in Solano County. ECF No. 1 at 2. Plaintiff claims defendants violated his First and Fifth Amendment rights because they "booked and processed [him] due to an unlawful arrest." *Id*. at 3. The complaint does not allege specific facts showing that the arrest violated plaintiff's constitutional right to due process, but merely asserts that he was "arrested and booked under false charges." *Id*. Similarly, with no detail or specificity, plaintiff alleges that defendants "used excessive force" in booking him into jail. *Id*. Plaintiff further asserts that his fingerprints are "private property" and seeks to have them removed from the jail's system. *Id*. at 4.

Plaintiff's complaint cannot survive screening because it violates Federal Rule of Civil Procedure 8. A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The amended complaint does not contain a short and plain statement of specific allegations, as required under Rule 8. Rather, it makes vague and conclusory statements with few underlying facts alleged.

Further, the court notes that a claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). In the absence of factual or legal support for any claim, plaintiff's complaint appears on its face to be frivolous.

Based on the foregoing, the court will dismiss plaintiff's complaint. In an abundance of caution, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial

way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself, without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Motions to Appoint Counsel</u>

Plaintiff requests that the court appoint counsel. ECF Nos. 5 & 34. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v.*

*United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  As plaintiff has not filed a viable complaint, the court finds no exceptional circumstances in this case.

## Other Motions

Plaintiff has filed multiple other motions and "notices."  *See*, *e.g.*, ECF Nos. 9, 23 & 24.  Without a viable complaint, plaintiff has no basis on which to seek relief in this court, and his numerous frivolous filings are an abuse of judicial process.  Thus, all pending motions will be denied, and the various "notices" will be disregarded.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Justice Center Detention Facility filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;
4. Plaintiff's motions to appoint counsel (ECF Nos. 5 & 34) are denied;
5. All other pending motions (ECF Nos. 9, 23 & 24) are denied as frivolous; and
6. Failure to timely file an amended complaint may result in dismissal of this action.

Dated: May 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE